FILED
SUPERIOR COURT
OF GUAM

2021 JUN -2 PM 4:36

CLERK OF COURT

By:_____ ℅m

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **JAVIER M. ATALIG JR.,** | **CIVIL CASE NO. CV0978-20** |
| **Plaintiff,** | |
| **vs.** | |
| | **DECISION AND ORDER** |
| **ALBERT M. TOVES,** **THE GUAM ELECTION COMMISSION,** **DOES 1 THROUGH 20,** | |
| **Defendants.** | |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on March 5, 2021 for a Motion Hearing to address: 1) Defendant Guam Election Commission's Request to Strike Plaintiff's Motion to Disqualify Attorney Geri E. Diaz From Representing the Guam Election Commission ("Request to Strike Plaintiff's Motion"); 2) Plaintiff Javier M. Atalig Jr.'s Motion to Disqualify Attorney Geri Diaz from Representing Guam Election Commission ("Motion to Disqualify Attorney Diaz"); and 3) Defendant Guam Election Commission's Motion for Summary Judgment.

Present at the hearing were Plaintiff Javier M. Atalig, Jr. ("Plaintiff") appearing *pro se*; Defendant Albert M. Toves ("Defendant Toves") appearing *pro se*; and Attorney Geri E. Diaz representing Defendant Guam Election Commission ("Defendant GEC"). Having duly considered the arguments presented and the applicable law, the Court now issues the following Decision and Order **DENYING** Defendant GEC's Request to Strike; **DENYING** Plaintiff's Motion to Disqualify; and **GRANTING** Defendant GEC's Motion for Summary Judgment.

## BACKGROUND

The procedural history of this case is as follows:

1.  On November 30, 2020, Plaintiff filed the following documents: 1) Complaint; 2) Exhibits; 3) Witnesses; 4) Summons to Defendant Toves; and 5) Summons to Defendant GEC.

2.  On December 9, 2020, Plaintiff filed two Declarations of Service indicating the Plaintiff served the Summons, Complaint, and Validation Notice on Defendant Toves and Defendant GEC on December 7, 2020 and December 9, 2020, respectively.

3.  Also on December 9, 2020, Plaintiff filed an "Ammendent [sic] Complaint" (hereinafter "Amended Complaint").

4.  On December 18, 2020, Plaintiff filed two Declarations of Service indicating that Plaintiff served the "Summons, Complaint, and Validation Notice 'Amended'" on Defendant Toves and Defendant GEC on December 15, 2020. However, the Court notes that an "amended" Summons was not filed.

5.  On December 21, 2020, Plaintiff filed a "Second Ammendent [sic] Complaint" (hereinafter "Second Amended Complaint").

6.  On December 23, 2020, Plaintiff filed two Declarations of Service indicating that Plaintiff served the "Summons, Complaint, and Validation Notice 'Second Ammendment [sic] Complaint'" on Defendant Toves and Defendant GEC on December 25, 2020 and December 23, 2020, respectively. An "amended" Summons was not filed.

7.  Upon review of the filings and in consideration of the claims asserted in Plaintiff's Second Amended Complaint, the Court issued an Amended Order Re Special Session Hearing on January 11, 2021 ordering that: 1) A Special Session Hearing be held on January 19, 2021 to address the Second Amended complaint; and 2) the Clerk of Court shall issue an Amended Citation for the Defendants to appear at the Special Session Hearing pursuant to 3 GCA § 12110. That same day, the Clerk of Court issued an Amended Notice of Citation Pursuant to 3 GCA § 12110 addressed to both Defendants.[1]

---

[1] The Court first issued an Order on January 8, 2021 directing the Clerk of Court to issue a Citation for the Defendants to appear before the Court pursuant to 3 GCA § 12110. The Clerk of Court issued the aforementioned Citation that same day. However, upon closer review of Title 3, Chapter 12 of the Guam Code Annotated, the Court rescheduled the hearing and amended its Order to reflect that the hearing shall be calendared as a Special Session Hearing.

8. On January 19, 2021, the Court held the Special Session Hearing in order to address how the Plaintiff was intending to proceed in the case due to the initial service of a regular civil summons on both Defendants; based on the various causes of action alleged in the Complaint;[2] and due to the Court's recognition that Plaintiff is appearing *pro se*.

9. At the hearing, Plaintiff stated for the record that he intended to proceed under Title 3, Chapter 12 of the Guam Code Annotated, which are Guam's Election Contest statutes. Specifically, Plaintiff emphasized that he was not an attorney and was representing himself, but that through his Complaint, and his Amended and Second Amended Complaints, he intended to assert a challenge to the results of the November 3, 2020 General Election for Tamuning's Vice-Mayor. Additionally, Plaintiff stated that when initially filing the Complaint, he attempted to serve the Complaint through Citations he prepared in accordance with 3 GCA § 12110; however, the Plaintiff stated that the Citations were rejected by the Superior Court of Guam's Clerk's Office. Min. Entry, at 9:27:30-9:30:00 A.M. (Jan. 19, 2021). Also at the hearing, Defendant GEC informed the Court that the Amended Complaint and the Second Amended Complaint did not include updated Verifications from the Plaintiff. Accordingly, the Court ordered that Plaintiff file his Citations for the record and that he file and serve on the Defendants an updated Verification for the Amended Complaint and the Second Amended Complaint. The Court further ordered that any response to Plaintiff's Second Amended Complaint be filed by February 3, 2021.

9. On January 22 and January 29, 2021, Plaintiff filed the Citations to Appear that he had intended to be issued upon the filing of his Complaint.

10. On February 3, 2021, Defendant GEC and Defendant Toves each filed an Answer to Plaintiff's Second Amended Complaint.

11. On February 10, 2021, Plaintiff filed a Declaration of Service indicating that he served both Defendants with the Citations to Appear that he had intended to be issued upon the filing of his Complaint.

12. On February 11, 2021, the Court held a Further Proceedings hearing. At the hearing,

---

[2] The Court notes that the Plaintiff alleged various causes of actions, including causes of action under criminal statutes, in his Complaint.

Plaintiff informed the Court that he had not been served with Defendant Toves' Answer. Accordingly, the Court instructed that Defendant Toves retrieve the file stamped copy of his Answer from the Clerk's office and serve it on the parties. Additionally, Plaintiff raised his concern that he believes Attorney Geri Diaz may have a conflict of interest because Plaintiff previously did work for the Camacho Calvo Law Group and because Plaintiff intends to call Attorney Geri Diaz as a witness in this matter. In response, Defendant GEC requested clarification from Defendant regarding his concerns. Accordingly, the Court ordered that any "concerns" held by the parties, including any requests from the parties, must be presented to the Court in writing in accordance with the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam. The Court further ordered that: 1) the parties file any motions by February 18, 2021; 2) any oppositions to the motions filed must be submitted to the Court by February 24, 2021; and 3) any reply to the oppositions must be filed by March 2, 2021.

13. On February 18, 2021, Defendant GEC filed a Motion for Summary Judgment, supported by Affidavits from 1) Maria Pangelinan; 2) Barbara F. Lanada; and 3) Defendant Albert Toves.

14. On February 22, 2021, Plaintiff filed a Motion to Disqualify Attorney Geri Diaz from Representing Guam Election Commission.

15. On February 24, 2021, Defendant GEC filed a Request to Strike Plaintiff's Motion to Disqualify Attorney Geri Diaz from Representing the Guam Election Commission, supported by an Affidavit from Attorney Geri Diaz.

16. On February 24, 2021 Plaintiff filed a Response to Defendant GEC's Motion and Conclusion (2/18/21); Summary of Complaint and Factual Allegations ("Plaintiff's Response"). Additionally, Plaintiff filed "Additional Exhibits" and a "Verification."

17. On March 2, 2021, Defendant GEC filed a Reply to Plaintiff's Response to Defendant GEC Attorney Geri Diaz's Motion and Conclusion (2/18/2021); Summary of Complaint and Factual Allegations ("Defendant GEC's Reply").

18. At the March 5, 2021 Motion Hearing, the parties presented their arguments to the Court regarding: 1) Defendant GEC's Request to Strike Plaintiff's Motion; 2) Plaintiff's Motion to Disqualify Attorney Diaz; and 3) Defendant GEC's Motion for Summary Judgment. The Court subsequently took

the matter under advisement.

## DISCUSSION

I.    **Defendant GEC's Request to Strike Plaintiff's Motion to Disqualify Attorney Geri E. Diaz From Representing the Guam Election Commission Is Denied.**

Defendant GEC requests that the Court strike Plaintiff's Motion to Disqualify Attorney Diaz arguing that: 1) Plaintiff's Motion to Disqualify Attorney Diaz was untimely filed, and 2) Plaintiff's Motion is deficient because it does not include any legal basis for support. Req. to Strike, at 2-3. In ruling on Defendant GEC's Request, the Court notes that two of the three parties involved in this matter are *pro se* litigants. Guam case law behooves the Court to "afford considerable leeway toward *pro se* litigants." *Ji v. Toves*, 2020 Guam 2 ¶ 13. Therefore, "deference should be given toward a *pro se* party's litigation efforts." *Id.* Such deference is generally applied in order to liberally construe a *pro se* litigant's pleadings. *See id.* (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243-45 (3d Cir. 2013)).

As to Defendant GEC's first argument regarding the untimeliness of Plaintiff's filing, when asked by the Court for an explanation as to the late filing, Plaintiff responded that an illness caused him to file late. Min. Entry, at 2:42-2:45 P.M. (March 5, 2021). Additionally, although Plaintiff filed his Motion to Disqualify Attorney Diaz four (4) days after the court-ordered deadline of February 18, 2021, the grounds stated in the written Motion regarding Attorney Diaz's disqualification were raised by the Plaintiff at the hearing on February 11, 2021. Min. Entry, at 2:50-3:05 P.M. (Feb. 11, 2021).

As to Defendant GEC's second argument that Plaintiff's Motion to Disqualify Attorney Diaz is deficient due to lack of legal basis, the Court recognizes that Civil Rule ("CVR") 7.1 of the Local Rules of the Superior Court of Guam governs the motion practice requirements to which any party appearing before this Court must adhere. Specifically, CVR 7.1(c)(2) requires that all motions be accompanied by "a memorandum in support thereof containing the points and authorities upon which the moving party relies, including citations."

While Plaintiff's Motion does not contain supporting legal authority, the Court notes that Defendant GEC's Request to Strike also does not include legal authority or citations, such as the aforementioned local rules, to support its arguments that either 1) untimeliness, or 2) lack of legal support

must result in the striking of Plaintiff's Motion.[3] Instead, when asked by the Court if Defendant GEC has any legal support for its Request to Strike, Defendant GEC responded that it does not, but that their request is based on the usual procedural practice and the Court's Order that the parties file the motions by February 18, 2021. *Id.* at 2:31-2:42 P.M.

Therefore, based on the notice given to Defendant GEC at the February 11, 2021 as to the grounds on which Plaintiff is challenging Attorney Diaz's representation, the fact that both parties failed to include legal authority or citation, and in light of the Court's responsibility to liberally construe a *pro se* litigant's pleading, the Court does not find that there is a sufficient basis upon which to strike Plaintiff's Motion to Disqualify Attorney Diaz. Accordingly, Defendant GEC's Request to Strike is denied.

## II.   Plaintiff's Motion to Disqualify Attorney Geri Diaz from Representing Guam Election Commission Is Denied.

As a preliminary matter, regarding the grounds of Plaintiff's challenge to Attorney Diaz's representation, the Court will only address the grounds stated in Plaintiff's written Motion to Disqualify Attorney Diaz filed on February 22, 2021. Although the Court should generally provide "lenient treatment" of a *pro se* party's litigation efforts, this leniency is not without limitation and "cannot extend to depriving their opponent of due process." *Ji v. Toves*, 2020 Guam 2 ¶ 13.

At the February 11, 2021 hearing, Plaintiff raised a challenge to Attorney Diaz's representation that he did not include in his written Motion to Disqualify Attorney Diaz. Specifically, in addition to the grounds included in Plaintiff's Motion, Plaintiff mentioned that a "personal conflict" may exist between himself and Attorney Vincent Camacho and the Camacho Calvo Law Group.

At the February 11, 2021 hearing when this issue was raised, the Court ordered that Plaintiff file a written Motion explaining the grounds upon which Plaintiff is challenging Attorney Diaz's representation in order to allow Defendant GEC the opportunity to review and respond to the allegations. Despite this order, Plaintiff did not raise the aforementioned issue in his written Motion. As such, Defendant GEC

---

[3] Although Defendant GEC's moving document is styled as a "Request," the Court notes that the motion practice rules "shall apply to motions, applications, petitions, orders to show cause, and all other proceedings" with only a few limited and specific exceptions, pursuant to CVR 7.1(a). Therefore, the motion practice rules apply to both Plaintiff and Defendant GEC's moving documents.

was not able to address any potential personal conflict with Attorney Vincent Camacho or the Camacho Calvo Law Group in its responsive pleading to Plaintiff's Motion to Disqualify Attorney Diaz. Because these grounds were not included in the written Motion as ordered by the Court, the Court finds that entertaining such an argument would deprive Defendant GEC of sufficient notice and due process. Accordingly, the Court will not address any potential personal conflict with Attorney Vincent Camacho or the Camacho Calvo Law Group, and the Court will now turn to the grounds stated in Plaintiff's Motion.

Plaintiff's Motion to Disqualify Attorney Diaz states that: "1) Attorney Geri Diaz will be called to the stand to testify," and "2) Attorney Geri Diaz reviewed Albert M. Toves Guam Election Commission applications for Tamuning vice mayor." Mot. to Disqualify (Feb. 22, 2021). In response, Defendant GEC opposes the calling of Attorney Diaz as a witness because: 1) any questioning regarding Attorney Diaz's review of Defendant Toves' application for vice mayor are protected by the attorney-client privilege; and 2) Attorney Diaz is not a "necessary witness" because she has no direct or personal knowledge of Defendant Toves' residency which is the fact at issue in this case. Req. to Strike, at 3-5.

### A. The Questioning of Attorney Diaz Is Protected by the Attorney-Client Privilege.

First, the Court notes that 6 GCA § 3102 prohibits the examination of an attorney "as to any communication made by the client to [her], or [her] advice given thereon in the course of professional employment." The U.S. Supreme Court has held that because "the first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant . . . the [attorney-client] privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. U.S.*, 449 U.S. 383, 390-91 (1981). Here, at the time Attorney Diaz reviewed materials and advised GEC, she was GEC's legal counsel hired to render a legal opinion based on Guam law. Affidavit of Geri E. Diaz (Feb. 24, 2021). Thus, the Court finds that questioning Attorney Diaz about the communications with GEC and the materials she reviewed in providing legal advice to GEC to be protected by the attorney-client privilege.

### B. Alternatively, Attorney Diaz Is Not a Necessary Witness.

Even assuming *arguendo* that the information sought would not be protected by attorney-client privilege, Attorney Diaz is not a "necessary witness" under Rule 3.7 of the Guam Rules of Professional Conduct ("GRPC"). Rule 3.7 states:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

A motion for disqualification under Rule 3.7 "must be supported by a showing that (1) the attorney will give evidence material to the determination of the issues being litigated, (2) the evidence is unobtainable elsewhere, and (3) the testimony is or may be prejudicial to the testifying attorney's client." *State v. Sanchez*, 288 P.3d 351, 364 (Wash. Ct. App. 2012)[4]; *see Cottonwood Estates, Inc. v. Paradise Builders, Inc.*, 624 P.2d 296, 299-301 (Ariz. 1981).

As to the first factor, the Court must identify the claims that are at issue in this litigation. Notwithstanding the criminal claims listed by Plaintiff in his Second Amended Complaint (which the Court will address later in this Decision), the remaining claims are asserted by the Plaintiff pursuant to 5 GCA § 40108 (Count 2) and 3 GCA § 9123 (Count 4),[5] which implicate Guam's Election Contest statutes, codified at 3 GCA §§ 12101, *et seq.* Second Am. Compl., at 1-2.

Further, at the January 19, 2021 hearing, the Plaintiff confirmed that election contest was filed pursuant to 3 GCA § 12101(a),[6] and is based on the grounds that Defendant Toves was not, at the time of the election, eligible to the office of Vice-Mayor because he did not meet the residential and voter registration requirements for eligibility under 5 GCA § 40108.[7] Min. Entry, at 9:27:30-9:33:15,

---

[4] The Court notes that Rule 3.7 of the Washington Rules of Professional Conduct is substantively the same as Guam's Rule 3.7.

[5] The Court addresses Count 6 later in this Decision, at Section III.B.

[6] Title 3 GCA § 12101(a) provides that: "Any voter of Guam in a general election, or of a municipality or precinct in a municipal election, may contest any election held therein for any of the following causes: (a) that the person who has been declared elected to an office other than as a Member of *I Liheslaturan Guahan* (the Guam Legislature) was not, at the time of the election, eligible to that office[.]"

[7] The Court will construe Plaintiff's complaint liberally in light of the requirement under 3 GCA § 12108 that a statement of the grounds of contest shall not be rejected, nor proceedings dismissed by any court for want of form, if the grounds of the contest are alleged with such certainty as will advise the defendant of the particular ground or cause for which the election is contested. In looking at the substance of Plaintiff's claims, it is clear that Plaintiff's causes for contest are based on the allegation that Defendant Toves was not a resident of Tamuning or a properly registered voter in Tamuning during the relevant time period.

9:36:00-9:37:00 A.M. (Jan. 19, 2021); *see* Min. Entry, at 3:07:00-3:08:00 P.M. (March 2, 2021). Therefore, the issues before the Court in this election contest are whether Defendant Toves was registered to vote in and resided within Tamuning for a period of one (1) year immediately preceding the date of his election.

As stated in her sworn affidavit, Attorney Diaz does not have "any personal or direct knowledge as to where Mr. Toves lived or resided at any point in time." Affidavit of Geri Diaz, ¶ 4 (Feb. 24, 2021). Plaintiff does not dispute this fact, but instead asserts that he must be allowed to question Attorney Diaz regarding the documents she reviewed in advising Defendant GEC on whether or not Defendant Toves met the requirements for eligibility under 5 GCA § 40108. Min. Entry, at 2:51 P.M. (March 5, 2021).

As Plaintiff does not contest that Attorney Diaz does not have personal knowledge as to whether Defendant Toves was registered to vote in or lived in Tamuning, the Court finds that her testimony as to the documents reviewed in order to provide advice of counsel to Defendant GEC is not "material" to the Court's determination of the material facts at issue. Additionally, information that is material to the facts at issue could be obtained through questioning Maria Pangelinan, the Executive Director of the GEC. *See* Req. to Strike, at 5.

In sum, the questioning of Attorney Diaz regarding the information sought is protected by the attorney-client privilege. Further, Attorney Diaz is not a "necessary witness," as Plaintiff's Motion to Disqualify Attorney Diaz under Rule 3.7 of the GRPC is not sufficiently "supported by a showing that the attorney will give evidence material to the determination of the issues being litigated," or that "the evidence is unobtainable elsewhere[.]" *See Sanchez*, 288 P.3d at 364. Accordingly, Plaintiff's Motion to Disqualify Attorney Diaz is denied.

### III. Defendant GEC's Motion for Summary Judgment Is Granted.

Defendant GEC asserts that its Motion for Summary Judgment should be granted in favor of the Defendants because: 1) the undisputed evidence shows that Defendant Toves resided in the municipality of Tamuning during the one year period prior to the November 3, 2020 General Election and Defendant Toves was registered to vote in Tamuning, and 2) the remaining claims asserted by Plaintiff do not fall within the purview of Title 3, Chapter 12 of the Guam Code Annotated. Mot. for S.J., at 5-12.

Additionally, Defendant Toves effectively joined Defendant GEC's Motion for Summary Judgment by filing an Affidavit in support thereof on February 18, 2021. In response, Plaintiff does not dispute that Defendant Toves was registered to vote in and lived in Tamuning from November 2019 to November 2020, but instead argues that Defendant Toves did not reside at a *specific* residential address within Tamuning during the required time period. Response to Mot. for S.J., at 2.

Under Rule 56(c) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(c).

When a motion for summary judgment is made, the adverse party (i.e. the party opposing summary judgment) may not rest upon the moving party's allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing that there is a genuine issue for trial. *Id.* If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment is required. *Kim v. Hong,* 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores,* 2004 Guam 25 ¶ 7.

As previously noted, Plaintiff has clarified that his election contest is based on the allegation that Defendant Toves violated 3 GCA § 12101(a) because he was not registered to vote in and did not live in Tamuning during the required time period pursuant to 5 GCA § 40108.[8] Title 5 GCA § 40108 requires that a candidate for Vice-Mayor "must be registered to vote in and have resided within the municipality or area which they are to represent for a period of one (1) year immediately preceding the date of any special or general election at which they are candidates for election[.]" Therefore, the two material facts at issue

---

[8] The Court notes that these claims are specifically implicated through Count 2 (5 GCA § 40108) and Count 4 (3 GCA § 9123) in Plaintiff's Second Amended Complaint.

in this matter are whether Defendant Toves: 1) was registered to vote in Tamuning from November 2, 2019 to November 2, 2020, and 2) lived in Tamuning from November 2, 2019 to November 2, 2019. Here, the Court finds there is no genuine dispute as to either fact.

**A.    There Is No Genuine Dispute As to the Fact That Defendant Toves Was Registered to Vote in Tamuning During the Required Time Period.**

According to Plaintiff's Second Amended Complaint, Defendant Toves was registered to vote in Tamuning as of August 13, 2008. Second Am. Compl., at 4 ¶ A, Exhibit 1 (Dec. 21, 2021). This fact is undisputed by Defendant GEC and Defendant Toves. Mot. for S.J., at 9, Exhibit C (Feb. 18, 2021). No where in Plaintiff's pleadings does Plaintiff allege that a subsequent voter registration exists that the Court must consider in determining whether Defendant Toves was registered to vote in the municipality of Tamuning throughout the year prior to the November 3, 2020 election.

Instead, Plaintiff disputes whether Defendant Toves was truthful when indicating on his 2008 voter registration that his residential address was "130 Tun Jose Toves St. Tam. 96913." Response to Mot. for S.J., at 1-3; Min. Entry, at 3:07:19-3:13:56 P.M. (March 2, 2021). However, any causes of action based on fraud that are listed in Plaintiff's Second Amended Complaint are statutorily classified as *criminal* violations which cannot be prosecuted by private persons, but rather must be brought by the People of Guam through the Attorney General's Office. *See* Second Am. Compl., at 1-3 (citing 9 GCA § 52.20; 9 GCA § 52.15; 3 GCA § 8102); *see* 5 GCA § 30104 (Attorney General as Public Prosecutor); 8 GCA § 5.60 (Prosecuting Attorney Defined). Without the authority to address claims alleging criminal violations, the Court is left to evaluate the undisputed facts as presented by the parties. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973) (where the plaintiff brought an action against a defendant alleging a violation of the Texas Penal Code and the U.S Supreme Court upheld the dismissal of the case because "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.").

Accordingly, the Court now turns to the facts alleged and views them in the light most favorable to the Plaintiff in order to determine whether Defendant Toves was "registered to vote in" Tamuning "for a period of one (1) year immediately preceding" November 3, 2020. 5 GCA § 40108. As previously stated, Plaintiff agrees that Defendant's last voter registration on file with the GEC was a registration for

11

Tamuning and was submitted to the GEC in 2008. Second Am. Compl., at 4 ¶ A, Exhibit 1 (Dec. 21, 2021). Further, Plaintiff does not allege that a subsequent or overriding voter registration exists that would indicate Defendant Toves was actually registered in another municipality during the relevant time period. Therefore, it is undisputed that Defendant Toves was registered to vote in Tamuning for a period of one (1) year immediately preceding the November 3, 2020 election.

### B. There Is No Genuine Dispute As to the Fact That Defendant Toves Lived in Tamuning During the Required Time Period.

Next, Defendant GEC asserts that Plaintiff's evidence as to Defendant's residence only refers to residence in villages other than Tamuning prior to November 2019. Mot. for S.J., at 11. Because of this, Defendant GEC asserts that there is no genuine dispute as to where Defendant Toves lived during the required time period. *Id.* at 5-11. Plaintiff asserts that because Defendant Toves did not move to the residence located on Tun Jose B. Toves Way in Tamuning until March 2020, Defendant Toves therefore did not have a specific "residential address" in Tamuning for the entire one year period prior to the election. Second Am. Compl., at 4; Response to Mot. for S.J., at 2.

Plaintiff's challenge to Defendant Toves' residence is based on 5 GCA § 40108's requirement that Vice Mayors of Guam "must . . . have resided within the municipality or area which they are to represent for a period of one (1) year immediately preceding the date of any special or general election at which they are candidates for election[.]" Title 3 GCA § 9123 discusses the rules for residency and provides that "the residency of a person is that place where the person lives for a period of at least (30) days, maintains that person's home and to which, whenever that person is absent, that person has a bona fide intention to return." 3 GCA § 9123(b).

In reviewing Plaintiff's allegations, Plaintiff does not dispute that Defendant Toves resided in Tamuning from November 2019 through November 2020. Instead, Plaintiff asserts that because Defendant Toves did not reside at a specific location during this time period, Defendant Toves did not have a "residential address" within Tamuning for the entire required time period. Response to Mot. for S.J., at 2. This is based on Plaintiff's review of the Candidate Information Card which requests the candidate's "residential address." *Id.*

However, the applicable Guam laws are what determine the requirements for candidacy, not the language in the Candidate Information Card. In cases involving statutory construction, the Court must look at the language of the statute itself. *Sumitomo Constr., Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17. "Absent clear legislative intent to the contrary, the plain meaning [of the statute] prevails." *Id.* Additionally, in determining legislative intent, a statute should be read as a whole, and courts should construe each section in conjunction with other sections. *Id.*

Here, the plain language of 5 GCA § 40108 simply requires that the candidate's residence be "within the municipality" for at least one year prior to the election. Defendant Toves and Defendant GEC put forth evidence, by way of sworn Affidavit, that Defendant Toves lived within the municipality of Tamuning at least beginning in November 2019, and he did not live anywhere else outside of the municipality. Affidavit of Albert Toves, ¶ 5-10 (Feb. 18, 2021).

Although Plaintiff makes allegations as to where Defendant Toves may have resided *prior* to November 2, 2019, notably absent from Plaintiff's Response is a dispute as to whether Defendant Toves resided within the municipality of Tamuning from November 2019 through November 2020. Response to Mot. for S.J., at 1-3. Without clear legislative intent to the contrary, the Court will not interpret the language of 5 GCA § 40108 to require that candidates reside at a *specific*, or "traditional" residential address for the one year period, but rather the Court reads the statute to require that the candidate live within the municipality for one year and consider a location within the municipality to be his home. *See* 3 GCA § 9123(b). Therefore, whether Defendant Toves may have resided on the Tamuning Mayor's Office's property from November 2019 to March 2020 is immaterial to any dispute as to the issue of whether Defendant Toves complied with the requirements of 5 GCA § 40108.

As Plaintiff has not put forth any allegations indicating that Plaintiff contests whether Defendant Toves resided within the municipality of Tamuning from November 2019 to November 2020, the Court does not find this fact to be disputed. Accordingly, based upon the plain language of the applicable laws and upon a review of the evidence and allegations in the pleadings, the Court finds that there is no genuine dispute as to whether Defendant Toves lived within Tamuning for a period of one (1) year prior to the November 3, 2020 election.

13

Lastly, Plaintiff cites to 3 GCA § 9118 for Count 6 in his Second Amended Complaint. Title 3 GCA § 9118 provides that "a person present to vote may be orally challenged by any voter of the same precinct upon any or all of the following grounds: . . . (d) that he or she is not a resident of the precinct at which he or she is voting[.]" Here, in viewing the facts in the light most favorable to Plaintiff, there are no alleged facts applicable to this provision—Plaintiff does not allege that he orally challenged Defendant Toves when he was present to vote. Because the pleadings and admissions on file, together with all the affidavits, show that there is no genuine issue of material fact and that Defendant GEC and Defendant Toves are entitled to a judgment as a matter of law, the Court hereby grants Defendant GEC's Motion for Summary Judgment as to Count 2 (5 GCA § 40108); Count 4 (3 GCA § 9123); and Count 6 (3 GCA § 9118) in Plaintiff's Second Amended Complaint.

## IV. The Remaining Claims in Plaintiff's Second Amended Complaint Are Dismissed.

Defendant GEC asserts that summary judgment should be granted as to the remaining charges because "they do not even fall within the scope of the causes of action proclaimed in 3 G.C.A. § 12102 for a proper election contest under Title 3, Chapter 12." Mot. for S.J., at 12. However, Rule 12(h)(3) of the GRCP provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall **dismiss** the action." (emphasis added).

Here, not only did Plaintiff clarify that he intended to assert the Court's jurisdiction pursuant to Guam's Election Contest statute, codified at 3 GCA §§ 12101 *et seq.*, but the Court further notes that Count 1 (9 GCA § 52.20), Count 3 (9 GCA § 52.15), and Count 5 (3 GCA §§ 8102; 8103; 8104) are statutorily classified as *criminal* violations within the Guam Code Annotated. As the Court is without jurisdiction to address criminal violations unless prosecuted by the People of Guam by and through the Attorney General's Office, it would be improper to enter a *judgment* as to these claims.[9] Accordingly, the Court dismisses Count 1, Count 3, and Count 5.

---

[9] *See* 5 GCA § 30104 (Attorney General as Public Prosecutor); 8 GCA § 5.60 (Prosecuting Attorney Defined); *Linsangan v. Gov't of Guam*, 2020 Guam 27 ¶ 35 (citing to Guam R. Civ. P. 12(h)(3) and holding that "when the trial court determined it lacked jurisdiction to address Linsangan's petition, dismissal was not only proper given the circumstances, but required under the GRCP."); *Linda R.S.*, 410 U.S. at 618; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (holding that when a court lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause.").

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1.      Defendant GEC's Request to Strike Plaintiff's Motion to Disqualify Attorney Geri E. Diaz From Representing the Guam Election Commission is **DENIED**;

2.      Plaintiff's Motion to Disqualify Attorney Geri Diaz from Representing Guam Election Commission is **DENIED**;

3.      Defendant GEC's Motion for Summary Judgment is **GRANTED** in favor of Defendant GEC and Defendant Toves as to Count  2, Count 4, and Count 6 in Plaintiff's Second Amended Complaint;

4.      Count 1, Count 3, and Count 5 in Plaintiff's Second Amended Complaint are **DISMISSED**.

**SO ORDERED** this 2nd day of June, 2021.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**